O

# United States District Court
# Central District of California

| | |
|---|---|
| DONG SU, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>HENRY GLOBAL CONSULTING GROUP, et al.,<br><br>          Defendants. | Case No. 2:20-cv-02235-ODW (PLAx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [9]** |

## I.   INTRODUCTION

On March 6, 2020, Plaintiffs[1] initiated this putative class action against Defendants Henry Global Consulting Group ("Global"); Goldstone Advisors, Ltd.; and Henry Tongzhao USA Consulting, Inc., erroneously sued as Tongzhao USA Consulting, Inc. ("Tongzhao"). (Compl., ECF No. 1.) Plaintiffs allege they hired Global to act as their immigration agent, and Global failed to disclose a "finder's fee" that it earned for referring Plaintiffs to investment projects in the United States. (*Id.* ¶¶ 15–20.) Plaintiffs assert one cause of action for breach of fiduciary duty against Defendants based on Global's alleged failure to disclose the "finder's fee." (*See*

---

[1] The named Plaintiffs are Dong Su, Jranyi Zeng, Lunchun Wu, Wenxia Yang, Yu Liao, and Xinran Chen.

*generally* Compl.) Tongzhao moves to dismiss for failure to state a claim, and the matter is fully briefed. (Tongzhao Mot. to Dismiss ("Motion" or "Mot."), ECF No. 9; Opp'n, ECF No. 11; Reply, ECF No. 14.) For the reasons discussed below, the Court **GRANTS** Tongzhao's Motion.[2]

## II. BACKGROUND

The U.S. EB-5 visa program provides a method for immigrant investors to become lawful permanent residents by investing capital in a U.S. business that will employ at least ten workers.[3] (*See generally* Compl.) Plaintiffs allege Global is an international immigrant investment company that identifies and refers foreign investors, like Plaintiffs, to third-parties for potential EB-5 investments. (*See id.* ¶¶ 16–19.) Global secured agreements with the third-parties ("Migration Agent Agreements" or "MAAs") to market and sell EB-5 investment opportunities to Plaintiffs. (*Id.* ¶ 17.) Under the terms of the MAAs, Global received a "finder's fee" for "securing EB-5 investments and keeping those EB-5 investors in the [project] until the end." (*Id.* ¶ 18.) Plaintiffs allege Global never disclosed it received a "finder's fee" under the MAAs, and that their investments failed as a result of the fees, which often exceeded $50 million. (*Id.* ¶¶ 18, 28, 42.)

According to Plaintiffs, they also hired Global to act as their immigration agent, which included "preparing and/or assisting with the preparation of all immigration documents." (*Id.* ¶ 22.) Plaintiffs contend Global's role as their immigration agent required Defendants to uphold certain fiduciary duties, which Defendants breached by Global's failure to disclose the finder's fee. (*Id.* ¶¶ 22, 38–42.) Based on the foregoing, Plaintiffs assert one claim for breach of fiduciary duty against Defendants. (*See id.* ¶¶ 38–42.) Tongzhao moves to dismiss, claiming that Plaintiffs' sparse

---

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[3] *See* UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, EB-5 Immigrant Investor Program, https://www.uscis.gov/working-in-the-united-states/permanent-workers/eb-5-immigrant-investor-program (last visited April 2, 2021).

allegations concerning its involvement in Global's actions are insufficient to state a claim against Tongzhao. (*See generally* Mot.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. On a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### IV. DISCUSSION

While Plaintiffs' Complaint contains many detailed factual allegations regarding Global's actions, the same cannot be said for those concerning Tongzhao. Plaintiffs' core allegations concerning Tongzhao appear only in the two paragraphs pertaining to venue and the identity of the parties. (*See* Compl. ¶¶ 5, 14.) In those paragraphs, Plaintiffs allege that Defendants used Tongzhao's office "to communicate

with Plaintiffs regarding their investments in various [projects] which contained false and misleading statements," to store and prepare documents related to the investments and immigration petitions, and as a meeting place. (Compl. ¶ 5.) Plaintiffs further allege that "Tongzhao was actually owned and controlled by [Global]. Tongzhao earned no money and has no assets." (*Id.* ¶ 14.) "Instead, Tongzhao is a separate corporate entity in name only as all other corporate formalities have not been conducted . . . ." (*Id.*)

Tongzhao argues that Plaintiffs' allegations fail to state a claim against the company for breach of fiduciary duty. (*See generally* Mot.) In opposition, Plaintiffs contend that the facts alleged in the Complaint demonstrate that Tongzhao is directly liable: (1) for breach of fiduciary duty, or (2) as a co-conspirator for its role in the purported scheme; or (3) indirectly liable for Global's actions as a joint venturer. (Opp'n 4–5.) Despite Plaintiffs' arguments to the contrary, Tongzhao is correct—Plaintiffs' scant factual allegations concerning Tongzhao fail to establish that it is liable for breach of fiduciary duty under either theory.

**A.  Direct Liability for Breach of Fiduciary Duty**

First, Plaintiffs contend their allegations demonstrate Tongzhao is directly liable for breach of fiduciary duty. (Opp'n 5 (citing Compl. ¶¶ 38–39).) To establish a claim for breach of fiduciary duty, Plaintiffs must show: (1) the existence of a fiduciary relationship; (2) a breach of that relationship; and (3) damages. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 820–21 (2011). Here, Plaintiffs argue that "preparing immigration petitions and being hired as an immigration consultant creates a fiduciary relationship." (Opp'n 5 (citing *SEC v. Hui Feng*, 935 F.3d 721 (9th Cir. 2019)).) Even if that is true, Plaintiffs do not allege that Tongzhao prepared immigration petitions or that Plaintiffs hired Tongzhao as an immigration consultant. (*See generally* Compl.) Thus, they have not demonstrated the existence of a fiduciary relationship between Tongzhao and Plaintiffs.

Plaintiffs also point to paragraphs thirty-eight and thirty-nine of the Complaint to support their position that Tongzhao owed them a fiduciary duty. (Opp'n 3.) But those paragraphs merely "repeat and re-allege" the preceding deficient allegations and state in conclusory terms that "[Global], Goldstone, and [Tongzhao] owed a fiduciary duty to Plaintiffs." (Compl. ¶¶ 38–39.) This conclusory statement is entirely devoid of detail and fails to demonstrate the existence of a fiduciary relationship. Therefore, to the extent Plaintiffs seek to hold Tongzhao directly liable for breach of fiduciary duty, their claim fails.

### B.   Conspiracy Liability

Second, Plaintiffs contend their allegations demonstrate Tongzhao is liable for breach of fiduciary duty "for playing a role in the conspiracy." (Opp'n 5.) To establish the existence of a conspiracy, Plaintiffs must show: "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." *Sanchez v. Am. Media, Inc.*, No. CV 20-2924 DMG (PVCx), 2020 WL 8816343, at *10 (C.D. Cal. Dec. 29, 2020). Here, Plaintiffs' Complaint makes no mention of a "conspiracy," and there are no facts alleged that support the existence of one. Plaintiffs cannot simply beef up their deficient factual allegations by asserting new legal theories in their Opposition. *See Bastidas v. Good Samaritan Hosp. LP*, No. 13-cv-04388-SI, 2014 WL 6900051, at *4 n.3 (N.D. Cal. Dec. 8, 2014) ("It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." (internal quotation marks omitted) (collecting cases)). Therefore, to the extent Plaintiffs seek to hold Tongzhao liable for breach of fiduciary duty under a conspiracy theory, their claim fails.

### C.   Joint Venture Liability

Third and finally, Plaintiffs contend their allegations demonstrate Tongzhao is liable for breach of fiduciary duty "because [Defendants] have engaged in a joint venture." (Opp'n 4.) To establish the existence of a joint venture, Plaintiffs must show: (1) joint control over the venture, (2) a share in the profits of the undertaking,

and (3) ownership interests in the venture. *Simmons v. Ware*, 213 Cal. App. 4th 1035, 1049 (2013). Here, Plaintiffs' vague allegations that Global controlled Tongzhao and that Defendants utilized Tongzhao's office to communicate with Plaintiffs, to store documents, and as a meeting place, (*see* Compl. ¶¶ 5, 14), do not satisfy the elements required to prove a joint venture. Therefore, to the extent Plaintiffs seek to hold Tongzhao liable for breach of fiduciary duty under a joint venture theory, their claim fails.

### D.  Summary

Plaintiffs' allegations with respect to Tongzhao are utterly deficient, and their attempt to fill in the gaps in their Complaint by asserting new legal theories in opposition to Tongzhao's Motion fails. Moreover, based on Plaintiffs' allegations that Global "controlled" Tongzhao and that "*Tongzhao earned no money and has no assets*," (Compl. ¶ 14 (emphasis added)), it is not entirely clear why Tongzhao is a party to this litigation. Regardless, because amendment does not appear entirely futile, Plaintiffs will have another opportunity to state a claim against Tongzhao, if they so choose. (*See* Opp'n 5 (requesting leave to amend).)

### V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Tongzhao's Motion and Plaintiffs' claim for breach of fiduciary duty as to Tongzhao is **DISMISSED with leave to amend**. (ECF No. 9.) If Plaintiffs choose to file a First Amended Complaint ("FAC"), they must do so no later than **twenty-one (21) days** from the date of this Order. If Plaintiffs file a FAC, Defendants must file their responses no later than **fourteen (14) days** from the date of the FAC filing.

IT IS SO ORDERED.

April 2, 2021

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**