**O**

# United States District Court
# Central District of California

DONG SU, et al.,

               Plaintiffs,

    v.

HENRY GLOBAL CONSULTING
GROUP, et al.,

               Defendants.

Case № 2:20-cv-02235-ODW (PLAx)

**ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS [20]**

## I.  INTRODUCTION

On March 6, 2020, Plaintiffs[1] initiated this putative class action against Defendants Henry Global Consulting Group ("Global"); Goldstone Advisors, Ltd.; and Henry Tongzhao USA Consulting, Inc., erroneously sued as Tongzhao USA Consulting, Inc. ("Tongzhao").  (Compl., ECF No. 18.)  Plaintiffs allege they hired Global to act as their immigration agent, and Global failed to disclose a "finder's fee" that it earned for referring Plaintiffs to investment projects in the United States. Plaintiffs assert one cause of action for breach of fiduciary duty against Defendants based on their alleged failure to disclose the "finder's fee" and for concealing the

---

[1] The named Plaintiffs are Dong Su, Jranyi Zeng, Lunchun Wu, Wenxia Yang, Yu Liao, and Xinran Chen.

financial status of the investment projects. (*See generally* First Amended Compl. ("FAC"), ECF No. 18.) Tongzhao moves to dismiss for failure to state a claim, and the matter is fully briefed. (Tongzhao Mot. to Dismiss ("Motion" or "Mot."), ECF No. 20; Opp'n, ECF No. 21; Reply, ECF No. 22.) For the reasons discussed below, the Court **GRANTS** Tongzhao's Motion.[2]

## II. BACKGROUND

The U.S. EB-5 visa program provides a method for immigrant investors to become lawful permanent residents by investing capital in a U.S. business that will employ at least ten workers. [3] (*See generally* FAC.) Plaintiffs allege Global is an international immigrant investment company that identifies and refers foreign investors, like Plaintiffs, to third-parties for potential EB-5 investments. (*See id.* ¶¶ 17–19.) Global secured agreements with the third-parties ("Migration Agent Agreements" or "MAAs") to market and sell EB-5 investment opportunities to Plaintiffs. (*Id.* ¶¶ 19–20.) Under the terms of the MAAs, Global received a "finder's fee" for "securing an individual EB-5 investor's investment" and would receive larger fees "for ensuring that each EB-5 investor[] maintained their investment in the [project] until the end." (*Id.* ¶ 26.) Plaintiffs allege Global never disclosed it received a "finder's fee" under the MAAs, and that Plaintiffs' investments failed as a result of the fees, which often exceeded $50 million. (*Id.* ¶¶ 26, 35, 38.)

According to Plaintiffs, they also hired Global to act as their immigration agent, which included "preparing and/or assisting with the preparation of all immigration documents." (*Id.* ¶ 31.) Plaintiffs allege that Global delegated the task of preparing the immigration documents to Tongzhao, which was hired to act as the main point of contact for Plaintiffs once they arrived in the United States. (*Id.* ¶ 22.) Plaintiffs also

---

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[3] *See* UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, EB-5 Immigrant Investor Program, https://www.uscis.gov/working-in-the-united-states/permanent-workers/eb-5-immigrant-investor-program (last visited June 30, 2021).

allege that Tongzhao provided other services to Plaintiffs, such as "purchasing homes, securing bank loans and purchasing vehicles." (*Id.* ¶ 42.) Plaintiffs contend Global's role as their immigration agent, as well as Tongzhao's assistance in filling out the immigration documents, required Defendants to uphold certain fiduciary duties, which Defendants breached by failing to disclose the finder's fees and concealing the true financial status of various EB-5 projects. (*Id.* ¶¶ 24, 52.) Based on the foregoing, Plaintiffs assert one claim for breach of fiduciary duty against Defendants. (*See id.* ¶¶ 51–55.) Tongzhao moves to dismiss, claiming that Plaintiffs' allegations are insufficient to state a claim against it. (*See generally* Mot.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. On a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and

unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.   DISCUSSION

Tongzhao argues that Plaintiffs' allegations fail to state a claim under the many theories of liability that are weaved into the FAC.  In opposition, Plaintiffs contend that the new facts alleged in the FAC demonstrate that Tongzhao is liable: (1) for breach of fiduciary duty, (2) as a co-conspirator for its role in the purported scheme; and (3) for aiding and abetting Global's breach of fiduciary duty.  (Opp'n 6–11.)  For many of the same reasons discussed in the Court's prior Order, (*see* Order Granting Def.'s Mot. to Dismiss, ECF No. 17), the Court finds that Plaintiffs again fail to plead sufficient facts to find Tongzhao liable for breach of fiduciary duty or as a co-conspirator in the purported scheme.  Additionally, as discussed below, Plaintiffs fail to state a claim against Tongzhao under their new theory that Tongzhao aided and abetted Global's breach of fiduciary duty.

### A.   Aiding and Abetting

Under California law, "[l]iability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or[,] (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144 (2005).

Plaintiffs' allegations are deficient under either prong.  Under the first prong (knowledge of the other's breach and substantial assistance), the law requires Plaintiffs to establish that *Global* owed Plaintiffs a duty for Tongzhao to be liable for aiding and abetting.  *See id.*  Examples of relationships in which the law imposes a fiduciary duty are "a joint venture, partnership, or an agency." *City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 386 (2008).  In such relationships, the

obligation of the fiduciary extends beyond "mere fairness and honesty" but instead requires the fiduciary to "give priority to the best interest of the beneficiary." *Comm. On Children's Television, Inc. v. Gen. Food Corp.*, 35 Cal. 3d 197, 222 (1983). The obligation to put another's interest first rarely extends to ordinary business dealings. *World Surveillance Grp. Inc. v. La Jolla Cove Invs., Inc.*, 66 F. Supp. 3d 1233, 1235 (N.D. Cal. 2014).

Here, Plaintiffs allege that Global, an immigration investment company, owed them a fiduciary duty because Global: (1) "agreed to act as the immigration agent for the EB-5 investor, which included preparing and/or assisting with the preparation of all immigration documents"; (2) act[ed] as the EB-5 investor's personal representative to speak with and coordinate all services performed by [the] EB-5 investor['s] immigration attorney"; and (3) "act[ed] as the EB-5 investor's personal representative" in communications with partners and managers that would oversee the EB-5 investor's businesses. (FAC ¶ 31.) Despite Plaintiffs' arguments to the contrary, (*see* Opp'n 6–8), nothing in the FAC demonstrates that Global entered into anything more than a business relationship with Plaintiffs. Indeed, Plaintiffs fail to cite to a single case supporting their contention that Global assumed certain fiduciary responsibilities. (*See generally id.*) Accordingly, Plaintiffs fail to state a claim for aiding and abetting under the first prong (knowledge of the other's breach and substantial assistance).

Under the second prong (substantial assistance in committing a tort, which results in an independent breach of duty to the third person), Plaintiffs must show *Tongzhao's* conduct constituted a breach of duty. *See Casey*, 127 Cal. App. 4th at 144. Here, Plaintiffs do not allege any facts in the FAC demonstrating anything more than a business relationship between Tongzhao and Plaintiffs. Plaintiffs argue that the act of filling out immigration documents created a fiduciary relationship because the documents were complicated, required more than "mindlessly filling out a form," and required Tongzhao to certify that the documents were correct. (Opp'n 7.)

Plaintiffs are wrong. Simply because immigration forms are "complicated" does not mean that Tongzhao assumed any duties beyond completing the immigration documents and ensuring their accuracy. *See, e.g.*, *World Surveillance Grp.*, 66 F. Supp. 3d at 1235 ("In a typical business contract or relationship, one party does not commit to act in the other party's best interest rather than in its own."). Thus, based on the facts alleged, Plaintiffs fail to demonstrate that Tongzhao aided and abetted a breach of fiduciary duty under the second prong. Therefore, Plaintiffs fail to state a claim against Tongzhao for aiding and abetting a breach of fiduciary duty.

**B.    Leave to Amend**

The Court finds leave to amend is proper. The Court cannot say that *any* amendment would be futile, making dismissal with leave to amend appropriate. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Although the Court grants leave to amend, Plaintiffs should not replead their claims without curing the deficiencies addressed above; any amendment must include particularized factual allegations establishing Tongzhao or Global assumed duties beyond those of an ordinary business relationship. Accordingly, Plaintiffs' claims are **DISMISSED with leave to amend**.

///
///
///
///
///
///
///
///
///
///
///

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Tongzhao's Motion to Dismiss (ECF No. 20) to the extent it seeks to dismiss Plaintiffs' claims against it for direct breach of fiduciary duty, conspiracy liability, and aiding and abetting a breach of fiduciary duty. Plaintiffs' claims are **DISMISSED with leave to amend**. If Plaintiffs choose to file a Second Amended Complaint ("SAC"), they must do so no later than **twenty-one (21) days** from the date of this Order. If Plaintiffs file a SAC, Defendants must file their responses no later than **fourteen (14) days** from the date of the SAC filing.

**IT IS SO ORDERED.**

July 1, 2021

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

7