O

# United States District Court
# Central District of California

| | |
|---|---|
| DONG SU, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HENRY GLOBAL CONSULTING GROUP, et al., <br><br> Defendants. | Case № 2:20-cv-02235-ODW (PLAx) <br><br> **ORDER GRANTING MOTION TO DISMISS [28]** |

## I. INTRODUCTION

On July 22, 2021, Plaintiffs initiated this putative class action against Defendants Henry Global Consulting Group (Global); Goldstone Advisors, Ltd.; and Henry Tongzhao USA Consulting, Inc., erroneously sued as Tongzhao USA Consulting, Inc. ("Tongzhao"). (Second Am. Compl. ("SAC"), ECF No. 25.) Plaintiffs assert two causes of action: breach of fiduciary duty and fraud. (*See generally* SAC.) Tongzhao now moves to dismiss for failure to state a claim. (Mot. Dismiss ("Motion" or "Mot."), ECF No. 28.) The parties have fully briefed the matter. (Opp'n, ECF No. 30; Reply, ECF No. 31.) For the reasons discussed below, the Court **GRANTS** Tongzhao's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78.

## II. BACKGROUND

The U.S. EB-5 visa program provides a mechanism for immigrant investors to become lawful permanent residents by investing capital in a U.S. business that will employ at least ten workers.[2] (*See generally* SAC.) Plaintiffs allege that Global is an international immigrant investment company that identifies and refers foreign investors, like Plaintiffs, to third-parties for potential EB-5 investments. (*See id.* ¶ 12.) Global secured agreements with various EB-5 projects ("Migration Agent Agreements" or "MAAs") to market and sell EB-5 investment opportunities to Plaintiffs. (*Id.* ¶¶ 26–27.) Under the terms of the MAAs, Global would receive a "finder's fee" for "securing an individual EB-5 investor's investment" and would receive larger fees for "ensuring that each EB-5 investor[] maintained their investment in the [project] until the end." (*Id.* ¶ 27.) Plaintiffs allege that Global concealed the existence of the MAAs and never disclosed that it would receive finder's fees. (*Id.* ¶¶ 27, 30.) Plaintiffs further allege that their investments failed because of the finder's fees, which often exceeded $50 million. (*Id.* ¶ 56.)

Plaintiffs assert that they also hired Global to act as their immigration agent, which included "preparing and/or assisting with the preparation of all immigration documents." (*Id.* ¶ 32.) Plaintiffs allege that Global delegated the task of preparing immigration documents to Tongzhao, which was hired to act as the main point of contact for Plaintiffs once they arrived in the United States. (*Id.* ¶ 23.) Plaintiffs also allege that Tongzhao provided other services to Plaintiffs, such as "purchasing homes, securing bank loans and purchasing vehicles." (*Id.* ¶ 43.)

Plaintiffs' initial complaint included one cause of action for breach of fiduciary duty. (Compl., ECF No. 1.) The Court found that Plaintiffs' sparse allegations were insufficient to state a claim and granted Tongzhao's motion to dismiss, with leave to amend. (Order Granting Mot. Dismiss Compl., ECF No. 17.) Plaintiffs amended

---

[2] *See* UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, EB-5 Immigrant Investor Program, https://www.uscis.gov/working-in-the-united-states/permanent-workers/eb-5-immigrant-investor-program (last visited December 6, 2021).

their complaint and alleged that Tongzhao was directly liable for a breach of fiduciary duty, as a co-conspirator for its role in the purported scheme, and for aiding and abetting Global's breach of fiduciary duty. (First Am. Compl. ("FAC"), ECF No. 18.) The Court found that Plaintiffs failed to state a claim against Tongzhao because Plaintiffs failed to allege that either Global or Tongzhao owed Plaintiffs a fiduciary duty. (Order Granting Mot. Dismiss FAC 4–6, ECF No. 24.) Accordingly, the Court granted Tongzhao's motion to dismiss Plaintiffs' FAC, with leave to amend. (*Id.*) In its order, the Court cautioned Plaintiffs that they should not replead their claims without curing the identified deficiencies and that any amendment must include particularized factual allegations establishing that Tongzhao or Global assumed fiduciary duties beyond those of an ordinary business relationship. (*Id.* at 6.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*,

250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

Plaintiffs contend that the new facts alleged in the SAC demonstrate that Tongzhao is liable for breach of fiduciary and fraud under aiding and abetting and conspiracy theories of liability. (SAC ¶¶ 57, 63.) Tongzhao argues that Plaintiffs' allegations fail to state a claim under any of the theories of liability alleged in the SAC. (*See generally* Mot.) For many of the same reasons discussed in the Court's prior orders, (*see* Order Granting Mot. Dismiss Compl.; Order Granting Mot. Dismiss FAC), the Court finds that Plaintiffs again fail to allege sufficient facts to find Tongzhao liable for breach of fiduciary duty.

In addition, Plaintiffs' new claim for fraud relies on many of the same deficient facts used to allege breach of fiduciary duty. As discussed below, Plaintiffs' allegations also fail to establish that Tongzhao is liable for fraud under aiding and abetting and conspiracy theories of liability.

### A. Breach of Fiduciary Duty

The Court finds that Plaintiffs' claims for aiding and abetting a breach of fiduciary duty and conspiracy to commit breach of fiduciary duty must be dismissed because Plaintiffs fail to sufficiently allege such claims.

#### 1. Aiding and Abetting

Under California law, "liability for aiding and abetting depends on proof the defendant had actual knowledge of the specific primary wrong [and that] the defendant substantially assisted." *Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1145 (2005). Thus, a person may be liable for aiding and abetting the commission of an intentional tort if that person: "(a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or[,] (b) gives substantial assistance to the other in accomplishing a

tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." *Id.* at 1144 (omission in original) (quoting *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318 (1996)). Here, Plaintiffs' allegations are deficient under either prong.

### a. Knowledge and Substantial Assistance

As discussed below, Plaintiffs are unable to demonstrate that Tongzhao provided Global with substantial assistance or encouragement. *See id.* Thus, Plaintiffs fail to state a claim against Tongzhao for aiding and abetting Global's alleged breach of fiduciary duty.

### (i) Knowledge

Under the first prong, knowledge of the other's breach and substantial assistance, Plaintiffs must establish that Tongzhao knew that Global had breached its fiduciary duty. *Id.* at 1148 ("[U]nder California Law, an aider and abettor must have 'actual knowledge of the primary violation.'"). A "vague suspicion of wrongdoing" is insufficient to satisfy the "actual knowledge" requirement. *In re First All. Mortg. Co.*, 471 F.3d 977, 993 n.4 (9th Cir. 2006). Here, Plaintiffs allege that Global owed them a fiduciary duty and breached this duty by concealing the finder's fees. (SAC ¶¶ 12, 16, 17.) Further, Plaintiffs allege that Tongzhao knew that Global had breached its fiduciary duty to Plaintiffs. (*Id.* ¶¶ 16, 17.) Because knowledge may be pleaded generally, Plaintiffs have sufficiently alleged knowledge. *See* Fed. R. Civ. P. 9(b).

### (ii) Substantial Assistance

Next, Plaintiffs must demonstrate that Tongzhao and Goldstone provided Global with substantial assistance. Further, Plaintiffs must show that Tongzhao's assistance "was a substantial factor in causing the harm suffered." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1135 (C.D. Cal. 2003) (citing *Metge v. Baehler*, 762 F.2d 621, 624 (8th Cir. 1985)). Given that Plaintiffs' primary allegation is that Global breached its fiduciary duty by concealing its finder fee agreements, Plaintiffs must demonstrate that Tongzhao substantially assisted with this

nondisclosure. (*See* SAC ¶ 54.) Here, Plaintiffs are unable to allege that Tongzhao provided Global with substantial assistance and was a substantial factor in causing Plaintiffs' injury. *See Neilson*, 290 F. Supp. 2d at 1135.

Tongzhao's alleged involvement in the purported scheme included the following: participating in the creation of immigration application templates, which omitted any mention of finder's fees; communicating between Plaintiffs and their immigration attorneys; and holding marketing events for EB-5 investors. (SAC ¶¶ 8, 24.) Plaintiffs also claim that Tongzhao was responsible for "keep[ing] potential EB-5 investors under control and satisfied with their investment" into an EB-5 project promoted by Global. (*Id.* ¶ 24.) As it relates to the finder's fees, however, Tongzhao's alleged involvement was limited to preparing the immigration application templates—an administrative duty. (*Id.* ¶ 8.) Ordinary business transactions can satisfy the substantial assistance element if performed with the specific knowledge that those transactions were assisting in the commission of a specific tort. *Casey*, 127 Cal. App. 4th at 1145. Yet, here, Plaintiffs do not allege that Tongzhao prepared the immigration application packets with the specific knowledge that it would be assisting Global's alleged breach of fiduciary duty. (*See* SAC ¶ 16.) Moreover, Plaintiffs do not allege that Tongzhao's assistance was a substantial factor in causing their alleged harm. *See Neilson*, 290 F. Supp. 2d at 1135. Thus, Plaintiffs fail to allege sufficient facts to support their claim that Tongzhao substantially assisted Global's purported breach of fiduciary duty. Therefore, Plaintiffs claims are deficient under the first prong for aiding and abetting.

b.  **Substantial Assistance and an Independent Breach**

Under the second prong, substantial assistance in committing a tort resulting in an independent breach of duty to a third person, Plaintiffs must show that Tongzhao's conduct constituted a breach of duty. *See Casey*, 127 Cal. App. 4th at 1144. Examples of relationships in which the law imposes a fiduciary duty are "a joint venture, partnership, or an agency." *City of Hope Nat'l Med. Ctr. V. Genentech, Inc.*,

43 Cal. 4th 375, 386 (2008). In such relationships, the obligation of the fiduciary extends beyond "mere fairness and honesty" and requires the fiduciary to "give priority to the best interest of the beneficiary." *Comm. On Child.'s Television, Inc. v. Gen. Food Corp.*, 35 Cal. 3d 197, 222 (1983). The obligation to put another's interest first rarely extends to ordinary business dealings. *World Surveillance Grp. Inc. v. La Jolla Cove Invs., Inc.*, 66 F. Supp. 3d 1233, 1235 (N.D. Cal. 2014). As discussed below, Plaintiffs fail to allege that Tongzhao had an independent duty. Thus, Plaintiffs fail to allege sufficient facts under the second prong of aiding and abetting.

Plaintiffs do not allege facts in the SAC demonstrating anything beyond a business relationship between Tongzhao and Plaintiffs. Plaintiffs allege that a principal-agent relationship existed between Plaintiffs and Global but fails to demonstrate how Tongzhao would owe an independent fiduciary duty to Plaintiffs. (SAC ¶¶ 53–57; Opp'n 8–9.) Plaintiffs assert that certain employees simultaneously worked at Global and Tongzhao, and that Tongzhao acted as the investors' main point of contact once they arrived in the United States. (SAC ¶¶ 16, 23.) Plaintiffs also allege that Tongzhao would promote to them additional services for a fee and that Tongzhao would also receive kickbacks from the vendors. (*Id.* ¶ 43.)

Still, Plaintiffs fail to allege that Tongzhao owed them an independent fiduciary duty and that it breached this duty by assisting Global. Without more, Plaintiffs' allegations of Tongzhao's non-disclosure do not constitute aiding and abetting. *See World Surveillance*, 66 F. Supp. 3d at 1235 ("In a typical business contract relationship, one party does not commit to act in the other party's best interest rather than in its own."). Therefore, Plaintiffs fail to state a claim against Tongzhao for aiding and abetting a breach of fiduciary duty.

### 2.  Conspiracy

To establish a conspiracy claim, Plaintiffs must show: "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." *Sanchez v. Am. Media, Inc.*,

No. CV202924DMGPVCX, 2020 WL 8816343, at *10 (C.D. Cal. Dec. 29, 2020). However, "[a] non-fiduciary cannot conspire to breach a duty owed only by a fiduciary." *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1597 (1995); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994) ("Conspiracy is not an independent tort; it cannot create a duty . . . . It allows tort recovery only against a party who already owes the duty . . . based on applicable substantive tort law principles."). A civil conspiracy claim cannot arise "if the alleged conspirator, though a participant in the agreement underlying the injury, was not personally bound by the duty violated by the wrongdoing and was acting only as the agent or employee of the party who did have that duty." *1-800 Contacts, Inc. v. Steinberg*, 107 Cal. App. 4th 568, 591 (2003) (quoting *Doctors' Co. v. Superior Ct.*, 49 Cal. 3d 39, 45 (1989)). As discussed above, Plaintiffs have not shown that Tongzhao owed Plaintiffs fiduciary duties. Thus, Plaintiffs failed to state a claim for conspiracy to breach a fiduciary duty.

**B. Fraud**

The Second Amended Complaint includes new claims for fraud, including aiding and abetting fraud and conspiracy to commit fraud. (SAC ¶ 63.) Plaintiffs argue that the same conduct—Global's nondisclosure of finder's fees—constitutes both fraud and a breach of fiduciary duty. (*See id.* ¶¶ 53–62.) Tongzhao argues that Plaintiffs' fraud-related claims fail and should be dismissed. (*See generally* Mot.) As discussed below, Plaintiffs fail to state a claim against Tongzhao for aiding and abetting fraud and conspiracy to commit fraud.

**1. Aiding and Abetting**

Plaintiffs allege that Global committed fraud for not disclosing that the EB-5 projects would pay Global finder's fees, and that Tongzhao is liable for aiding and abetting Global's alleged fraud. (SAC ¶¶ 58–63.) To state a claim for aiding and abetting fraud, Plaintiffs must demonstrate that Tongzhao and Goldstone knew about the fraud and provided substantial assistance. *Casey*, 127 Cal. App. 4th at 1145; *see*

*also Benson v. JPMorgan Chase Bank, N.A.*, No. C-09-5272 EMC, 2010 WL 1526394, at *2 (N.D. Cal. Apr. 15, 2010). Further, where a claim is "grounded in fraud," the pleading of the claim must meet the particularity requirements of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003). "[M]ere conclusory allegations of fraud are insufficient," and "[b]road allegations that include no particularized supporting detail do not suffice." *U.S. v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016). Although actual knowledge of the underlying fraud "may be averred generally," the substantial assistance prong of an aiding and abetting claim "must be pleaded with particularity." *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1188 (C.D. Cal. 2011) (citing Fed. R. Civ. P. 9(b)); *see also In re First Alliance*, 471 F.3d at 993 ("[A]iding and abetting liability under California law, as applied by the California state courts, requires a finding of actual knowledge, not specific intent.").

### a. Knowledge

To satisfy the knowledge prong, the defendant must have "actual knowledge of the specific primary wrong the defendant substantially assisted." *Upasani v. State Farm Gen. Ins. Co.*, 227 Cal. App. 4th 509, 519 (2014) (quoting *Casey*, 127 Cal. App. 4th at 1145–46)). Moreover, "federal courts have found that the phrase 'knew or should have known' does not plead actual knowledge." *Neilson*, 290 F. Supp. 2d at 1118–19. Aiding and abetting liability "necessarily requires a defendant to reach a *conscious* decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act" *Id.* at 1119 (quoting *Howard v. Superior Ct.*, 2 Cal. App. 4th 745, 749 (1992)); *Gerard v. Ross*, 204 Cal. App. 3d 968, 983 (1988) ("A defendant can be held liable as a cotortfeasor on the basis of acting in concert only if he or she knew that a tort had been, or was to be, committed, and acted with the intent of facilitating the commission of that tort."). As discussed above, Plaintiffs allege that Tongzhao knew that Global had breached its duties to Plaintiffs. (*See id.*) Thus, Plaintiffs have satisfied the knowledge requirement.

### b. Substantial Assistance

Although Plaintiffs have sufficiently alleged knowledge, they are unable to demonstrate that Tongzhao substantially assisted in Global's alleged fraud. To satisfy the substantial assistance prong, Rule 9(b) requires that Plaintiffs plead the specific "acts or omissions that comprise the necessary substantial assistance." *Neilson*, 290 F. Supp. 2d at 1131 (quoting *Harrison v. Enventure Cap. Grp., Inc.*, 666 F. Supp. 473, 477 (W.D.N.Y. 1987)). "Generalized and conclusory allegations that a defendant aided and abetted the principal wrongdoers will not suffice." *Id.*

As discussed above, Plaintiffs do not describe with any degree of particularity how Tongzhao substantially assisted in Global's alleged fraudulent nondisclosure. (*See* SAC ¶ 63.) Plaintiffs also fail to allege sufficient facts to explain how Tongzhao was a "substantial factor" in causing their injury. *See Neilson*, 290 F. Supp. 2d at 1129; (SAC ¶ 29.) For the foregoing reasons, Plaintiffs have failed to state a claim for aiding and abetting fraud.

### 2. Conspiracy

To be liable for conspiracy to commit fraud, the defendant must have "concur[red] in the tortious scheme with knowledge of its purpose." *Id.* However, "[m]ere knowledge, acquiescence, or approval of an act, without cooperation or agreement to cooperate is insufficient to establish liability." *Michael R. v. Jeffrey B.*, 158 Cal. App. 3d 1059, 1069 (1984). Additionally, when suing more than one defendant, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007). Rather, Plaintiffs must differentiate their allegations and "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* at 764–65 (citing *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)). Conclusory allegations that defendants knew co-conspirators made false statements and were active participants in the conspiracy are insufficient as a matter of law. *Id.*

Here, Plaintiffs' allegations are not sufficient to state a claim against Tongzhao for conspiracy to commit fraud. Plaintiffs allege that the purpose of the conspiracy was to conceal the existence of the finder's fees with the intent to defraud Plaintiffs. (SAC ¶¶ 58–53.) As with aiding and abetting, Plaintiffs have not alleged facts to demonstrate with sufficient particularity that Tongzhao acted in furtherance of a conspiracy to fraudulently conceal finder's fees. Plaintiffs claim that Tongzhao conspired with Global to prepare immigration documents for EB-5 investors. (*Id.* ¶ 23.) However, "[a]n entity that engages in legitimate business with a party that is acting tortiously cannot be deemed a co-conspirator, absent clear evidence of an agreement to join in the tortious conduct." *Kidron*, 40 Cal. App. 4th at 1590. Thus, without more, allegations that Tongzhao merely prepared immigration documents is insufficient to demonstrate Tongzhao's agreement with Global to defraud Plaintiffs.

Additionally, Plaintiffs' conclusory allegations fail to differentiate between the various Defendants and lack sufficient factual basis. Plaintiffs pool all Defendants together and allege that Global, Goldstone and Tongzhao "actively concealed the existence of the MAA from EB-5 investors." (SAC ¶ 30.) Plaintiffs also claim that, when confronted by investors, each Defendant denied that the MAAs existed. (*Id.*) Further, Plaintiffs allege that all Defendants conspired to construct false stories to prevent investors from learning the true financial state of the projects. (*Id.* ¶ 26.) Yet, Plaintiffs do not explain the content of Defendants' alleged lies or how the financial state of the projects was worse than what was represented. Plaintiffs also have not alleged any specific examples of Tongzhao's false statements. The allegations therefore lack sufficient particularity and fail to adequately describe each Defendants' alleged participation in the fraud. *See Swartz*, 476 F.3d at 765. Thus, Plaintiffs cannot state a claim against Tongzhao for conspiracy to commit fraud.

C.  **Leave to Amend**

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment.

*See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

In addition, a district court may deny leave to amend when a litigant repeatedly fails to cure deficiencies by amendments previously allowed. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). "Complaints that are filed in repeated and knowing violation of Federal Rule 8's pleading requirements are a great drain on the court system, and the reviewing court cannot be expected to 'fish a gold coin from a bucket of mud.'" *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013) (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). Here, Plaintiffs have been provided with several opportunities to amend their complaint and repeatedly failed to cure the deficiencies. Thus, the Court grants Tongzhao's Motion without leave to amend.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Tongzhao's Motion to Dismiss Plaintiffs' Second Amended Complaint, (ECF No. 28), without leave to amend.

**IT IS SO ORDERED.**

January 3, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**